UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 29, 2013

MEMORANDUM TO PARTIES RE:     <u>Aaron Holsey  v. Gerald S. Kiel, et al.</u>
                                                            Civil Action No. GLR-12-2271

Dear Parties:

Currently pending before the Court is Defendants' Motion to Dismiss. (ECF No. 17). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2011). Defendants' Motion will be granted because this Court lacks subject matter jurisdiction under Title VII, and because Holsey's Complaint fails to state a claim upon which relief can be granted.

Plaintiff Aaron Holsey, proceeding pro se, alleges that the Equal Employment Opportunity Commission ("EEOC") and its employees Gerald Kiel, Pamela Lichtenberg, and Maria Tolentino (collectively the "Defendants") denied him due process and equal protection of the law in relation to the complaint he filed with the EEOC Baltimore Field Office on May 31, 2010, and his appeal of that complaint filed on October 11, 2011. (<u>See</u> Compl. Attach. 1, ECF No.1 at 10-15, 24-26, 32-36). Specifically, Holsey alleges that the Defendants failed to properly process his administrative complaint and appeal, and retaliated against him by failing to produce documents that the respondents submitted during the investigation. Defendants now move to dismiss Holsey's Complaint on three grounds: (1) lack of subject matter jurisdiction; (2) failure to state a claim upon which relief can be granted; and (3) failure to properly effect service. The Court will address each argument in turn.

A.    <u>Subject Matter Jurisdiction</u>

Federal Courts are of limited jurisdiction, having only those powers granted by Congress or the U.S. Constitution. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Additionally, the party asserting jurisdiction bears the burden of showing it exists. <u>Id.</u> Defendants correctly assert that Title VII of the Civil Rights Act of 1964 does not confer upon this Court jurisdiction over suits against the EEOC when the plaintiff alleges discrimination by third parties. <u>See</u> 42 U.S.C. §§ 2000e-2000e-17 (2012); <u>Baba v. Japan Travel Bureau Int'l, Inc.</u>, 111 F.3d 2, 6 (2d Cir. 1997) (finding that Title VII does not rise to a cause of action against the EEOC "for claims that the EEOC failed to properly investigate or process an employment discrimination charge"). Thus, Title VII does not provide this Court with jurisdiction over Holsey's claims.[1]

---

[1] There is also no indication that sovereign immunity has been waived for Holsey's claims. This alone precludes the Court from assuming jurisdiction over this matter.

B.      Failure to State a Claim

To survive a dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  Additionally, courts construe pro se complaints liberally, holding them to less stringent standards than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Brown v. N.C. Dep't Corr., 612 F.3d 720, 722 (4th Cir. 2001).

Holsey couches his allegations against the Defendants as due process and equal protection violations, which arise under the Fifth and Fourteenth Amendments to the United States Constitution.  While this Court may have jurisdiction to hear such claims, due process does not furnish a basis for Holsey's allegations.  See Mitchell v. Equal Emp't Opportunity Comm'n, 888 F.Supp. 710, 711-13 (E.D.Pa. 1995).  In reviewing similar cases, courts have asserted that "an agency's less than useful attempts to bestow a benefit provided by Congress" does not arise to a violation of due process under the Fifth or Fourteenth Amendments.  Francis-Sobel v. Univ. of Me., 597 F.2d 15, 17 (1st Cir. 1979) (disposing of a complaint against the EEOC on a Rule 12(b)(6) motion).  Because an EEOC determination is appealable to the U.S. District Court, a plaintiff whose claim the EEOC denied still has a vital federal remedy.  See Georator Corp. v. Equal Emp't Opportunity Comm'n, 592 F.2d 765, 769 (4th Cir. 1979) ("When the preliminary determination is without legal effect in and of itself, due process will be satisfied if there is an opportunity to be heard before any final order of the agency becomes effective."); Connor v. U.S. Equal Emp't Opportunity Comm'n, 736 F.Supp. 570, 573 (D.N.J. 1990) (disposing of a complaint against the EEOC on a 12(b)(6) motion); Mitchell, 888 F.Supp. at 713 (same).  Thus, an EEOC denial cannot amount to a deprivation of due process, and a complaint characterized as such fails to state a claim, warranting dismissal under Rule 12(b)(6).

Similarly, because Holsey has not alleged that the EEOC treated his claim differently than similarly situated individuals, he fails to state a claim on the basis of an equal protection violation.  See Mitchell, 888 F.Supp. at 713 (dismissing the plaintiff's equal protection claim "as he has not alleged that the EEOC treated his claim any differently than it treats those of other, similarly situated complainants") (citation omitted).  Thus, Holsey has failed to state a claim upon which relief can be granted.[2]

---

[2] The Court notes that Holsey's allegations against the Defendants in their individual capacities would normally warrant a Bivens analysis.  See  Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  This analysis would be futile, however, because Holsey fails to allege plausible constitutional violations.

C.     Service of Process

Finally, the EEOC's argument that Holsey failed to effect proper service of process is moot. It is worth noting, however, that the record shows Holsey did in fact deliver Summonses and the Complaint to both parties, whose service the Defendants alleged was improper, via certified mail return receipt. (See Summonses issued to the U.S. Att'y Gen. & U.S. Att'y, ECF No. 6, and Return of Service for U.S. Att'y Gen., ECF No. 7). While the record does not provide a return of service for the United States Attorney, the Complaint will not be dismissed on the basis of insufficient service of process, because the United States Attorney's actual notice of the pendent litigation, and ability to challenge the sufficiency of the Complaint, cures the purported service defect. See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.").

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 17) is GRANTED. Mr. Holsey's Complaint is hereby DISMISSED.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly. The Clerk is also DIRECTED to mail a copy of this Order to Holsey and CLOSE this case.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge